IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20 C 2694 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Michael Cooper filed suit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. The government has moved to dismiss the case as time-barred. For the reasons stated below, the Court denies the government's motion but dismisses the case without prejudice as premature.

### Background

On July 15, 2019, Cooper fell off his bicycle and injured himself after crossing a speed hump at the James A. Lovell Federal Health Care Center, a facility of the U.S. Department of Veterans Affairs (VA). On or about July 19, 2019, Cooper submitted a *pro se* administrative tort claim to the VA using Standard Form 95. Compl., Ex. A. Cooper signed and dated his claim and included a demand for a sum certain. The claim was stamped "received" on the same day.

On or about September 3, 2019, Cooper submitted to the VA, *pro se*, an amended administrative tort claim regarding the incident. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. 9. at 6. The claim was stamped received on September 4, 2019. *Id.*

The amended claim was not attached to Cooper's complaint or referenced in the government's motion to dismiss. It did not come to light until a year later, around September 7, 2020, when the government's counsel produced a copy of it to Cooper's counsel, along with other materials pertaining to Cooper's claim.

On September 27, 2019, after Cooper submitted his amended claim, the VA sent him a certified-mail letter denying his claim. Compl., Ex. B. The letter states: "Our review concluded that there was no negligent or wrongful act on the part of an employee of the Department of Veteran Affairs (VA) acting within the scope of employment that caused you compensable harm. Accordingly, we deny this claim." *Id.* It also notified Cooper of his right to file suit in federal court within six months of the denial.

On October 31, 2019, Cooper, through counsel, sent the VA a request under the Freedom of Information Act (FOIA) to obtain all the documents related to his claim. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. 3. It is not clear when Cooper's counsel received a response to the FOIA request.

On March 13, 2020, Cooper, through counsel, submitted another administrative tort claim using Standard Form 95. Compl., Ex. C. This claim, addressed to the U.S. Department of Health and Human Services (HHS), referenced the same July 15, 2019 incident that Cooper had identified in his original *pro se* claim submitted to the VA. HHS did not respond. Cooper filed this suit on May 4, 2020, more than six months after the VA denied his claim, but only about seven weeks after he had submitted the March 2020 claim to HHS.

On November 13, 2020, the Court held a hearing for the primary purpose of

discussing the parties' positions on the meaning of the amended *pro se* claim that Cooper had submitted to the VA, which at that point had only recently surfaced. The government's counsel confirmed that she had obtained a copy of the amended claim from the VA's counsel but said it was possible she had overlooked it when she drafted the motion to dismiss. The government's counsel also stated that her understanding was that the amended claim was stamped received as a matter of standard VA procedure once the claim reached the agency's risk management department.

During the hearing, Cooper's counsel advised that Cooper had retained legal representation during the week of October 4, 2019, shortly after he received the denial letter from the VA. Counsel confirmed that his office became aware of the VA's denial letter within a week or so after that.

## Discussion

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), Cooper's complaint must set forth all the essential elements necessary to sustain a claim entitled to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In deciding the government's motion to dismiss, the Court accepts as true all of the factual allegations in Cooper's complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Before a plaintiff may file a suit against the government under the FTCA, he must present a claim to the appropriate federal agency within two years after the date of injury. *Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002) (citing 28 U.S.C. § 2401(b)); *see* 28 U.S.C. § 2675(a). Cooper complied with this requirement when, on July 19, 2019, he submitted his initial *pro se* claim to the VA. Under the FTCA, if the federal agency denies a claim, the claimant has six months from the date of the denial

to file a lawsuit against the government. *See* 28 U.S.C. § 2401(b). Cooper received the September 27, 2019 denial letter within a few days after its issuance, but he did not file the present lawsuit until May 4, 2020, more than seven months after receiving the denial. The government seeks dismissal, arguing that Cooper filed suit too late.

Cooper argues that his lawsuit is not untimely. First, he argues that his *pro se* claim was a nullity and should have been rejected by the VA rather than being denied. Cooper does not, however, identify any defects that would render the claim a nullity, invalid, or anything similar. The FTCA does not define the term "claim," but the Seventh Circuit, interpreting the corresponding regulation, has concluded that a proper administrative claim under the FTCA includes four elements: 1) notification of the incident; 2) demand for money in a sum certain; 3) the title or legal capacity of the person signing; and 4) evidence of the person's authority to represent the claimant. *See Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014); *see also* 28 C.F.R. § 14.2(a). These elements, however, are not set in stone; if the agency has the opportunity to review and settle a claim before a lawsuit is filed, a claim's technical deficiencies may amount to a case of "[n]o harm, no foul." *Smoke Shop, LLC*, 761 F.3d at 787 (quoting *Kanar*, 118 F.3d at 531). When Cooper submitted his initial claim, he did not have legal representation, so the fourth element is not applicable. But Cooper's initial claim met the first three elements: it notified the VA of the incident and included a demand for money in a sum certain, and Cooper signed and dated the claim and included his personal information. The Court concludes that Cooper's July 19, 2019 claim was a proper administrative claim.

In support of his argument that the July 19 claim was a nullity, Cooper cites *Hlavac v. United States*, 356 F. Supp. 1274 (N.D. Ill. 1972), and *Kintzel v. USPO O'Hare Branch*, No. 80 C 6819, 1981 U.S. Dist. LEXIS 15561 (N.D. Ill. Sep. 28, 1981). These cases do not assist Cooper. In *Hlavac,* the plaintiff did not specify the amount of her claim and did not date her claim. *Hlavac,* 356 F. Supp. at 1276. In *Kintzel*, plaintiff listed "$26,500 + other amts. unknow [sic]" as the amount of her claim. *Kintzel*,1981 U.S. Dist. LEXIS 15561, at *2. In both cases, the government treated the claims as nullities and informed the plaintiffs of the claims' deficiencies. By contrast, Cooper's claim met the necessary requirements. Furthermore, the VA did not treat the claim as a nullity or otherwise deficient; it expressly denied the claim without citing any defects. Cooper cites no authority supporting the proposition that a court may treat a claim that was accepted and processed by the proper federal agency as a nullity for purposes of triggering and calculating the FTCA limitations period.

Alternatively, Cooper relies on the claim that his counsel submitted to HHS on March 13, 2020. This claim amounted to a repackaging of the *pro se* claim that Cooper had submitted to the VA, as it involved the same incident set out in that claim. It was not identical, however, as Cooper included much more factual detail about the incident and more medical records, and he significantly increased the amount of damages he was seeking.

The First Circuit stated in *Roman-Cancel v. United States*, 613 F.3d 37 (1st Cir. 2010), that there are two ways to consider a second, duplicative administrative claim: it is "either an attempt to re-file the original claim or an attempt to have the agency reconsider its disposition of the original claim." *Id.* at 42. Actually, there is a third

5

possibility: the second claim could be considered as an amendment to the original claim. The Court will address each of these possibilities.

Viewed as an amendment to Cooper's earlier claim, the March 2020 claim does not help him, because it was untimely and thus not a proper amendment. *See Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019). Applicable regulations allow a claim to be amended "at any time prior to final agency action," or, if there was no final agency action within six months of the claimant's filing of the claim, prior to his exercise of the option to file suit in federal court under 28 U.S.C. § 2675(a). *See* 28 C.F.R. § 14.2(a). The latter does not apply, as the VA *had* taken final action on Cooper's original claim. The former does not apply either, as the March 2020 submission was filed after, not before, the VA denied the first claim. As the Ninth Circuit stated in *Redlin*, "if claimants could make successive filings regarding the same claim, and each filing required the agency to make a successive denial that restarted the statute of limitations on that claim, the six-month limitations period would effectively be read out of the statute." *Redlin*, 921 F.3d at 1139.

If one considers the March 2020 claim as an attempt to refile Cooper's original claim, it would not reset the FTCA time clock. A claimant cannot restart the clock simply by filing a new claim; were the law otherwise, the FTCA's deadlines would—again—be meaningless. *Roman-Cancel*, 613 F.3d at 42.

The third possibility (the second identified in *Roman-Cancel*) is to consider counsel's March 2020 submission as a request for reconsideration of the initial denial of Cooper's *pro se* claim. This poses a couple of potential problems at the threshold level. The first is that the March 2020 submission was not addressed to the VA, the agency

that had denied the original claim. But applicable regulations account for the situation where a claimant submits a claim to the wrong agency. Specifically, this does not render the claim a nullity. Rather, the agency that received the claim is required to transmit it to the agency with which the claim should have been filed or, if it cannot do so, must return the claim to the claimant. *See* 28 U.S.C. § 14.2(b). There is no indication that HHS did the latter. The second potential problem is that the March 2020 submission was not captioned as a request for reconsideration. The Court sees nothing in the applicable regulations, however, that requires this. As indicated, the March 2020 submission cited more facts and medical records and thus may appropriately be characterized as a request to reconsider the earlier denial even the submission did not bear the caption "request for reconsideration."

Another potential issue involves whether, as a request for reconsideration, the March 2020 submission was timely. It was. The timing requirements for a request for reconsideration are set out in the first sentence of 28 U.S.C. § 14.9(b):

> Prior to the commencement of suit and prior to the expiration of the 6–month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section.

28 U.S.C. § 14.9(b). Cooper's March 2020 submission met these requirements: it was filed before commencement of this lawsuit, and it was filed before expiration of the six-month period provided in 28 U.S.C. § 2401(b), that is, the six-month deadline for filing a lawsuit once an administrative claim is denied. Because the VA had denied Cooper's claim on September 27, 2019, the six-month period did not run out until March 27, 2020. Cooper filed the 2020 claim on March 13, 2020, two weeks before expiration of the six-

month period.

Based upon this analysis, the Court concludes that the claim that Cooper submitted to HHS in March 2020 was a properly-filed and timely request for reconsideration of the denial of his initial claim.

Under 28 U.S.C. § 14.9(b), the timely filing of the request for reconsideration gave Cooper a new time clock. Specifically, the government had six months from March 13, 2020 to make a final ruling on the request, and Cooper's option under 28 U.S.C. § 2675(a) to file suit in the absence of a final ruling would not accrue until that same six months had run. *See* 28 U.S.C. § 14.9(b).

What this means is that Cooper's lawsuit was not filed too late; instead, it was filed prematurely. When Cooper filed this lawsuit in May 2020, he had not gotten a final ruling on the March 2020 reconsideration request, nor had he allowed six months to go by following the March 2020 submission. It follows that Cooper had not properly exhausted administrative remedies at the time he filed this suit. The Court therefore dismisses the case without prejudice to the filing of a fresh suit now that the six-month period has run. That new suit, which the Court assumes Cooper will file promptly, should be designated under Local Rule 40.3(b)(2) as a refiling of the present, dismissed case. If it is not directly assigned by the Clerk to the undersigned judge, a motion to reassign it should be filed promptly.

The Court has two final observations. First, though the filing and characterization of the various administrative claims submitted by Cooper and his counsel have created a procedural tangle, it is difficult to see how the government is unfairly prejudiced. If the March 2020 submission had been Cooper's initial claim, it would have been timely, as it

was filed well within the two-year period under 28 U.S.C. § 2401(b) for filing an administrative claim (indeed, the same would be true even if the claim were filed today). Thus the case cannot appropriately be viewed as stale. And because the March 2020 submission met the time limits for a request for reconsideration, Cooper cannot be fairly claimed to have unduly sat on his rights.

Second, the Court is constrained to observe the Cooper's counsel did not serve him well in connection with the administrative claim process and created unnecessary risks. Because counsel was involved in the matter within days after October 4, 2019 and was fully aware of the VA's denial of Cooper's *pro se* claim, reasonable prudence would have counseled in favor of filing a lawsuit within six months of that denial, even if only as a protective measure. There was no sensible reason to wait more than six months before filing the present suit, as this created a risk of untimeliness that was easily avoidable. In addition, the regulations the Court has relied upon (28 U.S.C. §§ 14.2 and 14.9) and the caselaw regarding duplicative claims were as readily available to counsel as they are to the Court. It is difficult to understand why counsel did not expressly characterize the March 2020 filing as a request for reconsideration, which undeniably was timely at that point as no lawsuit had yet been filed and the six-month deadline had not yet run. That would have created a much clearer route to overcome a claim of untimeliness, while avoiding any potential misunderstanding regarding the nature of March 2020 request. Cooper entrusted his potential claim to the attorneys he retained; they should have handled the matter in a more careful and prudent manner.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss the

9

case as untimely [dkt. no. 12] but dismisses this case for failure to exhaust administrative remedies, without prejudice to refiling. The Court will put off formal administrative "termination" of the case pending the anticipated filing of a new suit by plaintiff, to facilitate the assignment process regarding that new suit. The present case is set for a telephone status hearing on January 6, 2020 at 9:10 a.m., using call-in number 888-684-8852, conference code 746-1053. Counsel should wait for the case to be called before announcing themselves.

Date: December 29, 2020

                                                                   MATTHEW F. KENNELLY
                                                                     United States District Judge